**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN THE MATTER OF CHESTER J. MARINE, LLC, AS OWNER AND OPERATOR OF THE M/V CECILE A. FITCH, OFFICIAL NO. 297854** | **CIVIL ACTION**<br><br>**NO.** |

## COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

The Complaint of Chester J Marine, LLC (hereinafter "CJM" or "Complaintant") in a cause of exoneration from or limitation of liability, civil and maritime, within the meaning of Rule 9(h) and Supplemental Rule F of the Federal Rules of Civil Procedure, with respect, represents:

I.

At all times pertinent hereto, CJM was and now is a limited liability company duly organized and existing under and by virtue of the laws of the State of Louisiana, and the owner and operator of the M/V CECILE A. FITCH, Official No. 297854.

II.

At all times pertinent hereto, the CECILE A. FITCH was a vessel of the United States, and at all material times was tight, staunch, strong, fully and properly manned, equipped and supplied, and was in all respects seaworthy and fit for the service in which it was engaged.

III.

On or about February 10, 2020, Lloyd Standridge, was serving aboard the M/V MELVIN L. KING as a seaman and is alleged to have been injured and killed when a skiff

from the M/V MELVIN L. KING collided with the CECILE A. FITCH and/or the M/V AMERICAN FREEDOM.

IV.

Charlotte Standridge, the personal representative of the said Lloyd Standridge's estate, Aaron Standridge, and Ashley Standridge (hereinafter collectively "Standridge Claimants") allege that on or about February 10, 2020, the M/V MELVIN L. KING was docked on or around Bayou Sorrel in the navigable waters of the State of Louisiana.

V.

Standridge Claimants allege that the said Lloyd Standridge was "contributing to and aiding in" the mission of the M/V MELVIN L. KING when he was "seriously injured and killed as a result of the collision between a skiff from the M/V MELVIN L. KING, the CECILE. A. FITCH, and the AMERICAN FREEDOM."

VI.

Standridge Claimants allege that the proximate, contributing, and legal causes of Lloyd Standridge's injuries and subsequent death, and their own injuries "include the Jones Act negligence" and the "unseaworthiness" of the CECILE A. FITCH and other vessels.

VII.

On or about February 13, 2020, Standridge filed suit against CJM, Yazoo River Towing, Inc. and LeBeouf Bros. Towing, LLC in the 18th Judicial District Court for the Parish of Iberville, State of Louisiana, in the matter entitled *Charlotte Standridge, individually and as personal representative for the Estate of Lloyd Standridge, Ashley Standridge and Aaron Standridge v. Yazoo River Towing, Inc., Chester J Marine, LLC*

*and LeBeouf Bros. Towing, LLC*, Proceeding No. 79717-A as a result of the aforementioned alleged accident/injury of February 10, 2020.

VIII.

Since a lawsuit has already been filed in this district by the Standridge Claimants in connection with the alleged accident and injuries set forth herein, venue is proper in this judicial district pursuant to Rule F(9) of the Supplemental Rules for Admiralty or Maritime Claims.

IX.

The aforesaid alleged incident(s) and resulting injuries, losses and/or damages of Standridge (if any) were neither caused nor contributed to by any fault or neglect on the part of Complaintant, nor anyone for whose acts on behalf of or may be responsible for Complaintant, or by the CECILE A. FITCH, which was in good condition and in all respects seaworthy and suitable for the service in which she was engaged; but on the contrary, was caused solely by the fault and/or neglect of Lloyd Standridge or other persons or entities and/or by conditions for which Complaintant cannot be held responsible.

X.

Any and all negligence and/or fault of the decedent, Lloyd Standridge is imputed to the Standridge Claimants and serves to fully bar and/or reduce any recovery herein.

XI.

Complaintant has valid defenses to all such claims of Standridge or any other person or party who may have any right or cause of action stemming from the incident described above; and Complaintant desires to contest its liability for any such claims, and further avers that it is entitled to a decree exonerating it from liability.

XII.

Complainant further shows that the aforesaid injuries and any other losses or damages were done, occasioned and incurred without fault on the part of Complainant and without its privity or knowledge. However, should this Honorable Court, adjudge that Complainant is liable to any extent in the premises, then Complainant claims the benefit of the Limitation of Liability Act, set forth in 46 U.S.C. §30511, and all statutes amendatory thereof and supplementary thereto.

XIII.

At the beginning of the subject voyage of the CECILE A. FITCH, Complainant exercised due diligence to make the CECILE A. FITCH in all respects seaworthy and well and sufficiently equipped and supplied.

XIV.

The following persons and/or entities, on information and belief, may assert claims against Complainant, as a result of the foregoing incident:

1. Charlotte Standridge, individually as the personal representative for the Estate of Lloyd Standridge;
2. Ashley Standridge;
3. Aaron Standridge;
4. Jamie Lee May;
5. William A. Winemiller;
6. A personal representative for the Estate of Norsalus Jackson;
7. Successors of Norsalus Jackson.
8. Yazoo River Towing, Inc.
9. LeBeouf Bros. Towing, LLC

XV.

Although Complainant denies any liability herein, Complainant avers that the amount of the damages and/or claims hereinabove described and all other possible claims against Complainant and the CECILE A. FITCH may exceed the amount or value

of its interest in the CECILE A. FITCH and her pending freight, having a combined value of EIGHT HUNDRED NINETY-FOUR THOUSAND ONE HUNDRED THIRTY SIX AND 69/100 ($894,136.69) at the time of the casualty.

XVI.

Complainant avers, in accordance with the annexed affidavit of an independent, qualified marine surveyor, that the CECILE A. FITCH had a fair market value of $865,000.00 immediately following the aforementioned occurrence.

XVII.

Under the circumstances of this case the value of the freight pending at the time of the incident in suit, within the meaning of the applicable statutes, was $29,136.69.

XVIII.

Complaintant offers and files contemporaneously herewith a Letter of Undertaking as security for the full sum but not to exceed Complaintant's interest in the CECILE A. FITCH at the time of the incident herein; and in addition thereto, Complaintant is prepared to give bond or stipulation for any amount in excess of the Letter of Undertaking as may be ascertained and determined to be necessary under any orders of this Honorable Court.

XIX.

Complaintant avers that there are no unsatisfied liens or claims of liens, in contract or in tort, arising on the voyage referred to above, so far as known to Complaintant, and except as herein set forth.

XX.

Complaintant, as owner and operator of the M/V CECILE A. FITCH, claims exoneration and exemption from liability for any and all claims for damages or losses

occasioned or incurred, or alleged to have been occasioned or incurred, by reason of the aforesaid occurrence. Complainant further avers that it has valid defenses separately and/or collectively on the merits to any and all such claims.

XXI.

Complainant specifically claims the benefits of the Limitation of Liability Act, as set forth in 46 U.S.C. §30511, and all statutes amendatory thereof and supplementary thereto.

XXII.

Complainant further specifically avers that this Complaint, and the claim for exoneration from or limitation of liability asserted herein, is filed not only on its behalf, but also on behalf of its primary liability and protection and indemnity underwriters, who shall be entitled to exoneration from or limitation of liability to the same extent as Complainant, and whose liability in the premises, if any, shall accordingly not exceed Complainant's liability, if any.

XXIII.

All and singular, the premises of this Complaint are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court, and within the meaning and intent of Rule 9(h) of the Federal Rules of Civil Procedure.

XXIV.

The incident at issue allegedly occurred on February 10, 2020 and, therefore, this Complaint for Exoneration from or Limitation of Liability is timely filed within the six-month prescribed period of time.

WHEREFORE, Complainant prays:

A. That this Honorable Court enter an Order approving as to quantum and form the Letter of Undertaking filed herewith as security in the amount of $894,136.69, pending any appraisement as may be ordered by the Court of the amount of Complainant's interest in said vessel and her pending freight;

B. That this Court issue an injunction enjoining and restraining the commencement or prosecution of any and all actions, suits or legal proceedings of any kind against Complaintant and its insurers and underwriters, or against the CECILE A. FITCH or any other property owned by Complaintant, other than in these proceedings, specifically including but not limited to the aforementioned suit filed by the Standridge Claimants in the 18th Judicial District Court for the Parish of Iberville, State of Louisiana, in the matter entitled *Charlotte Standridge, individually and as personal representative for the Estate of Lloyd Standridge, Ashley Standridge and Aaron Standridge v. Yazoo River Towing, Inc., Chester J Marine, LLC and LeBeouf Bros. Towing, LLC*, Proceeding No. 79717-A;

C. That the Court cause a Notice to be issued to all persons, firms and corporations having or alleging to have claims by reasons of the matters and happenings recited in the above and foregoing Complaint, admonishing them to appear and file their claims with the Clerk of this Honorable Court, on or before a date to be fixed by the Court and as specified in the Notice, or be forever barred and permanently enjoined from making and filing any such claims, and also to answer, all and singular, the premises of this Complaint;

D. That the Court adjudge that Complaintant, and its insurers and underwriters, and/or the CECILE A. FITCH are not liable for any damages, demands or claims whatsoever in consequence of, or arising out of, or otherwise connected with the matters and happenings recited in the above and foregoing Complaint;

E. That, in the alternative, if this Court should adjudge that Complaintant or its insurers or underwriters are liable to any extent in the premises, the Court then adjudge that the liability of Complaintant and its insurers or underwriters shall be limited to the amount of its interests in the CECILE A. FITCH and her pending freight, if any, immediately following the incident aforesaid; and in that event, the amount representing the value of Complaintant's interest in the CECILE A. FITCH be given to the claimants having made due proof of their respective claims; and that a decree be entered discharging Complaintant, and its insurers and underwriters of and from any and all further liability, and forever enjoining and restraining the filing and prosecution of any claims or suits against Complaintant, its insurers and underwriters, in consequence of or arising out of or connected with the matters and happenings recited in the above and foregoing Complaint; and

F. That Complaintant may have such other and further relief in the premises as may be just and proper.

Respectfully submitted,

MOULEDOUX, BLAND, LEGRAND & BRACKETT

**s/Georges M. Legrand**
GEORGES M. LEGRAND (#8282)
MICHAEL T. NEUNER (#36605)
701 Poydras Street, Suite 4250
New Orleans, LA 70139
Telephone: (504) 595-3000
Facsimile: (504) 522-2121
E-mail: glegrand@mblb.com
mneuner@mblb.com
*Counsel for Complainant, Chester J Marine, LLC*
Standridge Complaint for Limitation

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN THE MATTER OF CHESTER J. MARINE, LLC, AS OWNER AND OPERATOR OF THE M/V CECILE A. FITCH, OFFICIAL NO. 297854** | **CIVIL ACTION**<br><br>**NO.** |

## VERIFICATION

STATE OF LOUISIANA
PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared:

GEORGES M. LEGRAND,

who, after being duly sworn, did depose and say that he is a member of the law firm of Mouledoux, Bland, Legrand & Brackett, attorneys for Complainant in the foregoing Complaint; that he has read the above and foregoing Complaint; and that all of the allegations of fact therein contained are true and correct to the best of his knowledge and belief, based upon the information contained in his files and/or discussions with Chester J. Marine, LLC.

[signature]
GEORGES M. LEGRAND

SWORN TO AND SUBSCRIBED
before me, this 7
day of April, 2020.

[signature]
NOTARY PUBLIC
MARK E. HANNA
LSBA # 19336