UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF CHESTER J. MARINE, LLC, AS OWNER AND OPERATOR OF THE M/V CECILE A. FITCH, OFFICIAL NO. 297854 | * * * * * * * | CIVIL ACTION NO. 3:20-cv-214 c/w 3:20-cv-252<br><br>JUDGE JOHN W. deGRAVELLES<br><br>MAGISTRATE JUDGE SCOTT D. JOHNSON |

* * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF MOTION TO BIFURCATE

Claimants, Charlotte Standridge, individually and as the personal representative for the Estate of Lloyd Standridge, Ashley Standridge, and Aaron Standridge (hereinafter, "the Standridge Family"), files this memorandum in support of her motion to bifurcate her claims against (1) Chester J. Marine, LLC in case no. 3:20-cv-214, and (2) Yazoo River Towing, Inc. in case no. 3:20-cv-252.

**I.**

This consolidated case is comprised of two consolidated Limitation actions. Chester J. Marine, LLC ("CJM") owned a vessel named the M/V Cecile A Finch.[1] And Yazoo owned a vessel named the Melvin L. King.[2] On February 10, 2020, the two vessels collided.[3]

The collision caused a host of losses, including the death of Lloyd Standridge, who was aboard the Melvin L. King. CJM filed the limitation case docketed at 3:20-cv-214, and Yazoo filed the limitation case docketed at 3:20-cv-252. These cases were then consolidated.[4]

---

[1] Case No. 3:20-cv-214, Rec. Doc. 1, CJM's complaint for exoneration, ¶I.

[2] Case No. 3:20-cv-252, Rec. Doc. 1, Yazoo's verified complaint, ¶¶4-5.

[3] *E.g.*, Case No. 3:20-cv-214, Rec. Doc. 1, CJM's complaint for exoneration from or limitation of liability, ¶III.

[4] Case No 3:20-cv-252, unnumbered Rec. Doc. Entry, July 17, 2020 order consolidating cases.

The Standridge Family had sued both CJM and Yazoo in state court.[5] When these consolidated Limitation actions were filed, the Standridge Family brought claims in both CJM and Yazoo's Limitation actions. The Standridge Family demanded a trial by jury in both cases.[6] The Standridge Family also expressly noted, in each filing, that they reserved the right to request bifurcation.[7] Neither claim by the Standridge Family included a Rule 9(h) designation.

Yazoo and CJM both asserted claims in each other's limitation-of-liability cases.[8] Their claims included Rule 9(h) designations.[9] Another personal injury claimant, Catina McCloud-Smith (on behalf of decedent Mr. Norsalus Nathaniel Clarence Jackson), also asserted claims in both limitation-of-liability cases.[10] Ms. McCloud-Smith did not demand a jury in either filing.

In sum, although other parties in this consolidated limitation action did not assert their rights to a jury trial, the Standridge Family did. To effectuate those rights, the Standridge Family now requests that the Court bifurcate these consolidated Limitation actions.

---

[5]   *E.g.*, Case No. 3:20-cv-214, Rec. Doc. 1, CJM's complaint for exoneration, ¶VII (noting that the Standridge Family filed suit against these parties).

[6]   Case No. 3:20-cv-214, Rec. Doc. 13 (the Standridge 'Family's claims in CJM's limitation case—jury demand asserted on p. 14); Case No. 3:20-cv-252, Rec. Doc. 13 (the Standridge 'Family's claims in Yazoo's limitation case—jury demand asserted on p. 14).

[7]   Case No. 3:20-cv-214, Rec. Doc. 13 (the Standridge Family's claims in CJM's limitation case—bifurcation reservation on p. 6); Case No. 3:20-cv-252, Rec. Doc. 13 (the Standridge 'Family's claims in Yazoo's limitation case—bifurcation on p. 6).

[8]   Case No. 3:20-cv-214, Rec. Doc. 20 (Yazoo's claim in CJM's limitation); Case No. 3:20-cv-214, Rec. Doc. 25 (claim of CJM in Yazoo's limitation).

[9]   Case No. 3:20-cv-214, Rec. Doc. 20 (Yazoo's claim in CJM's limitation—designation on p. 20); Case No. 3:20-cv-214, Rec. Doc. 25 (claim of CJM in Yazoo's limitation—designation on p. 25).

[10]  Case No. 3:20-cv-214, Rec. Doc. 12 (Ms. McCloud-Smith's claims in CJM's limitation case); Case No. 3:20-cv-252, Rec. Doc. 12 (Ms. McCloud-Smith's claims in Yazoo's limitation case).

## II.

Generally, vessel owners who face liability from an incident at sea may file a claim pursuant to the Limitation of Liability Act.[11] The vessel owner's goal is to limit its liability to the value of the vessel involved in the incident.[12] But a vessel owner is not entitled to limit its liability when the negligent act occurs within the "privity or knowledge"[13] of the vessel owner.[14] Consequently, the core issues in any Limitation case are: (1) whether the vessel owner was negligent; and (2) whether that negligence occurred within the vessel owner's "privity or knowledge." Those are the core issues in these consolidated Limitation cases, too.

## III.

Federal courts have exclusive jurisdiction over the Limitation cases at issue.[15] But, as federal courts recognize, a vessel owner's right to seek a limitation of its liability in a federal bench trial is in direct conflict with a claimant's right to sue a vessel owner in state court before a jury.[16] To ease this tension, federal courts have developed a rule "under which exclusive admiralty jurisdiction must also give way: once limitation is denied *it is up to the claimants rather than the*

---

[11] 46 U.S.C. § 30501 *et seq*.

[12] 46 U.S.C. § 30505(a).

[13] "Privity or knowledge" exists when the vessel owner knew or should have known about the "conditions or actions likely to cause the loss." *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 504 (5th Cir. 1994).

[14] 46 U.S.C. § 30505(b).

[15] 46 U.S.C. § 30511(a).

[16] *Matter of Suard Barge Services, Inc.*, 1997 WL 358128 at *2 (E.D. La. 1997) (Vance, J.) ("This statutory right of a vessel owner to seek a limitation of liability in federal court directly conflicts with the right of a complainant to seek a common law remedy in state court, pursuant to the 'saving to suitors' clause of 28 U.S.C. § 1331(1); *see also Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001) (explaining the "tension [that] exists between the savings to suitors clause and the Limitation Act.").

3

*court whether the [federal] proceedings will continue or whether the injunction will be dissolved to permit the resumption of other [state court] actions.*"[17]

Consequently, "the preferred approach, at least within federal district courts of the Fifth Circuit, is to decide the limitation issues [i.e. "privity or knowledge"] and then allow claimants to return to state court if they so desire."[18] Federal courts follow that approach because it "makes perfect sense."[19] That is undoubtedly correct. *"Where no limitation is possible, the damage claimants are entitled to have the injunction against other actions dissolved, so that they may, if they wish, proceed in a common law forum as they are entitled to do under the saving to suitors clause.*"[20] Other federal district courts are in agreement as they have similarly bifurcated Limitation of Liability actions.[21]

---

[17] *In re Mississippi Limestone Corp.*, 2010 WL 4174631 at *3 (N.D. Miss. Oct. 7, 2010) (citations and quotations omitted) (emphasis added).

[18] *Id*. at *3 (quoting *In re Athena Constr., LLC*, 2007 WL 1668753 at *6 (W.D. La. 2007)); *Archer Daniels Midland Co. v. M/T American Liberty*, 2020 WL 1889123 at *3 (E.D. La. 2020) (Vance, J.) ("Indeed, one court observed that bifurcation appears [to be] the preferred approach, at least within federal district courts of the Fifth Circuit.) (cleaned up; internal quotations omitted.).

[19] *Matter of Suard Barge Services, Inc.*, 1997 WL 358128 at *2 (E.D. La. June 26, 1997) (Vance, J.) ("Bifurcation as suggested by the Windhams makes perfect sense here."); *see also Rubenstein v. Bryant*, 522 F.2d 1351, 1352 (5th Cir. 1975) ("A bifurcated damage action, in which a state court decides the merits of the tort action while a federal admiralty court subsequently determines limitation of liability, is not new to the courts.").

[20] *Fecht v. Makowski*, 406 F.2d 721, 722-23 (5th Cir. 1969) (emphasis added); *Wheeler v. Marine Navigation Sulphur Carriers, Inc.*, 764 F.2d 1008, 1011 (4th Cir. 1985) ("Each circuit that has considered this question has ruled that once limitation is denied, plaintiffs should be permitted to elect whether to remain in the limitation proceeding or to revive their original claims in their original fora.") (string cite omitted).

[21] *In re Bergeron Marine Serv., Inc.*, 1994 WL 236374 at *1-2 (E.D. La May 24, 1994); *In re TT Boat Corp.*, 1999 WL 102786 at *1 (E.D. La Feb. 23, 1999); *In Matter of Torch, Inc.*, 1996 WL 512303 at *1 (E.D. La. Sept. 6, 1996).

**IV.**

The Court should follow the "preferred approach"—the one that "makes perfect sense"—and order bifurcation of the Standridge Family's claims against CJM and Yazoo in these consolidated Limitation cases.

In the bifurcated action, this Court would first decide whether CJM and Yazoo were negligent. And, if they were, it would also decide whether they are entitled to limit their liability (i.e. whether privity or knowledge exists). After making these determinations on the core Limitation issues, the Standridge Family would be allowed to proceed in state court and have a jury "determine the fault of additional parties, the relative degrees of fault, and damages."[22] This approach will preserve the Standridge Family's right to a jury trial, preserve CJM and Yazoo's right to a federal bench trial, and balance the competing interests of the Saving to Suitors clause and the Limitation of Liability Act.

**V.**

It is also worth noting that the fact that *other claimants* in these Limitations cases have made Rule 9(h) designations on their claims, instead of demanding a trial by jury on them, is irrelevant and cannot waive the Standridge Family's rights to a jury trial.

"When a plaintiff's claim is cognizable under admiralty jurisdiction and some other basis of federal jurisdiction, the Federal Rules of Civil Procedure allow the plaintiff [through Rule 9(h)] to designate her claim as being in admiralty."[23] A claim made with a Rule 9(h) election triggers the admiralty rules, which carry no right to a jury trial; but a claim made *without* a Rule 9(h)

---

[22] *See Matter of Complaint of Bergeron Marine Service, Inc.*, 1994 WL 236374 at *1 (E.D. La. May 24, 1994).

[23] *Luera v. M/V Alberta*, 635 F.3d 181, 188 (5th Cir. 2011) (citing Fed. R. Civ. P. 9(h)).

5

election is guaranteed the right to a jury trial under the Seventh Amendment.[24] Thus, "[if] a party does not make a Rule 9(h) declaration, there is a right to a jury trial."[25]

Notably, the Fifth Circuit has repeatedly ruled that Rule 9(h) is *claim-specific*. "[B]y its plain language, Rule 9(h) applies to 'claims' and not to entire cases."[26] Thus, "a single case can include both admiralty or maritime claims and nonadmiralty claims or parties."[27] This claim-specific holding by the Fifth Circuit "rejected the defendants' contention that the mere presence of an admiralty claim amounts to a Rule 9(h) election for the remainder of the plaintiff's claims."[28]

*None* of the Standridge Family's claims are subject to Rule 9(h). The fact that other parties have invoked Rule 9(h) on *their* claims has no bearing on the Standridge Family's claims—which belong to them alone. The Standridge Family has preserved their Seventh Amendment rights by electing not to proceed in admiralty.[29] The choices of other claimants are immaterial as they cannot

---

[24] *Id.* ("Numerous and important consequences flow from a plaintiff's decision to file her claim under the federal court's admiralty jurisdiction or its diversity jurisdiction. One of the most important consequences relates to the rules of procedure that will be applied to the case. If a claim is pleaded under diversity jurisdiction, the rules of civil procedure will apply, and the parties will be guaranteed, under the Seventh Amendment, a right to have the claim tried by a jury. If the claim is pleaded under admiralty jurisdiction, however, the plaintiff will invoke those historical procedures traditionally attached to actions in admiralty. One of the historical procedures unique to admiralty is that a suit in admiralty does not carry with it the right to a jury trial. Thus, there is no right to a jury trial where the complaint contains a statement identifying the claim as an admiralty or maritime claim, even though diversity jurisdiction exists as well.") (cleaned up; internal citations and quotations omitted).

[25] *Apache Corp. v. Global Santa Fe Drilling Co.*, 435 Fed. Appx. 322, 324 (5th Cir. 2011).

[26] *Luera*, 635 F.3d at 190; *Tarasewicz v. Royal Caribbean Cruises Ltd.,* 2015 WL 1566327, at *3 (S.D. Fla. Apr. 8, 2015) ("The Fifth Circuit highlighted that 'Rule 9(h) applies to 'claims' and not to entire cases.' That is, the jurisdictional analysis is claim by claim, not case by case.").

[27] *Luera v. M/V Alberta*, 635 F.3d 181, 188 (5th Cir. 2011) (quoting the Advisory Committee Note (1997 Amendment)).

[28] *Marquette Transp. Co. Gulf-Inland, LLC v. Nav. Mar. Bulgarea*, 2020 WL 5850047 at *7 (E.D. La. 2020).

[29] *McCann v. Falgout Boat Co.,* 44 F.R.D. 34, 44 (S.D. Tex. 1968) ("The right of a party to a trial by jury, where permitted, is sacrosanct. If there is a question as to whether trial by jury is permitted or not, it would appear that any doubt should be resolved in favor of permitting a jury trial, if timely demanded. . . See also Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.

be imputed onto the Standridge Family. "[I]t is clear that Rule 9(h) vests the choice in the plaintiff and that the [] choice should not forced upon him."[30] The result requested here is consistent with this common-sense principle.

## VI.

The Court should grant this motion and order bifurcation. In doing so, the core limitation issues of privity and knowledge would first be decided by the Court in a bench trial. Assuming limitation is denied, the path forward from there is simple. Other parties may present their claims for fault allocation and damages to the bench under Rule 9(h), but the Court would remand those issues to state court on the Standridge Family's claims so that a state-court jury may decide them consistent with the Seventh Amendment.

Respectfully submitted,

 /s/ Kyle Findley
J. Kyle Findley (#34922)
Adam Lewis (#37492)
**ARNOLD & ITKIN LLP**
6009 Memorial Drive
Houston, TX 77007
Tel: 713.222.3800
Fax: 713.222.3850
**ATTORNEYS FOR CLAIMANTS**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed into the CM/ECF system this January 29, 2021, which will provide a copy to all counsel of record.

/s/  Kyle Findley

---

Ct. 948, 3 L.Ed.2d 988 (1959), which the Fifth Circuit construed to hold 'that where the presence of legal and equitable causes in the same case requires the selection between a jury and a non-jury determination of certain common issues, the discretion of the trial court is 'very narrowly limited and must, wherever possible, be exercised to preserve jury trial'.").

30    *Lewis v. U.S.*, 812 F. Supp. 620, 627 (E.D. Va. 1992) (cleaned up; quotations omitted).

7