UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF CHESTER J. MARINE, LLC, AS OWNER AND OPERATOR OF THE M/V CECILE A. FITCH, OFFICIAL NO. 297854 | * * * * * * * * * | CIVIL ACTION NO. 3:20-cv-214 c/w 3:20-cv-252<br><br>JUDGE JOHN W. deGRAVELLES<br><br>MAGISTRATE JUDGE SCOTT D. JOHNSON<br><br>*This pleading pertains to all cases.* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO BIFURCATE

Claimants, Charlotte Standridge, individually and as the personal representative for the Estate of Lloyd Standridge, Ashley Standridge, and Aaron Standridge (the "Standridge Family"), file this reply memorandum in support of their pending motion to bifurcate. Rec. Doc. 54.

**I.**

In these consolidated cases, the Standridge family moved the Court to bifurcate the limitation proceedings on core issues from the adjudication on damages/fault.[1] The motion is important because it shapes the very type of trial that will take place. As the Standridge Family's motion explained, they wish to exercise their Savings to Suitors rights and pursue their claims before a jury in state court. Substantial precedent grants them that right through the bifurcation procedure. Under it, a trial on the "core" issues in limitation (negligence and privity/knowledge) takes place ***first***. Depending upon the outcome of the limitation proceeding, other matters may then be delegated to a state-court determination or a second phase of trial. These points are substantially briefed in the Standridge Family's motion.

---

[1] Rec. Doc. 54, motion to bifurcate.

## II.

The limitation petitioners—Yazoo River Towing (Yazoo) and Chester J Marine, LLC (CJM)—have now filed oppositions to the Standridge Family's motion.[2] These oppositions essentially make three arguments—but they all lack merit.

First, the oppositions contend that bifurcation in limitation cases is *not* the "preferred approach" within the Fifth Circuit.[3] Yet as recently as 2020, Judge Sarah Vance—a highly respected maritime judge—ruled just the opposite in a consolidated multi-petitioner, multi-party limitation case (the same scenario at issue here). As Judge Vance explained in her *Archer Daniels* ruling granting bifurcation in that case, courts within the Fifth Circuit recognize the appropriateness of the bifurcation procedure—including that it is the "preferred approach":

> Bifurcating this proceeding is consistent with the approach taken by other courts. "[N]umerous courts within the Fifth Circuit have deemed it appropriate to defer ruling on issues ancillary to the limitation proceeding until after limitation was decided." *In re Miss. Limestone Corp.*, No. 4:09-CV-00036-SA-DAS, 2010 WL 4174631, at *3 (N.D. Miss. Oct. 7, 2010); *see, e.g.*, *In re Torch, Inc.*, No. 94-2300, 1996 WL 512303, at *1 (E.D. La. Sept. 6, 1996) (stating that "[t]he case was bifurcated for trial and the only issues tried to the Court were whether the plaintiffs in limitation are entitled to exoneration and, if not, whether they are entitled to limitation"), *aff'd sub nom.*, *Torch, Inc. v. Alesich*, 148 F.3d 424 (5th Cir. 1998). Indeed, one court observed that bifurcation "appears [to be] the preferred approach, at least within federal district courts of the Fifth Circuit." *Miss. Limestone Corp.*, 2010 WL 4174631, at *3 (quoting *In re Athena Constr., LLC*, No. CIV A 06-2004, 06-2336, 2007 WL 1668753, at *6 (W.D. La. June 6, 2007)).[4]

---

[2] Rec. Doc. 60, Yazoo's opposition; Rec. Doc. 61, CJM's opposition.

[3] Rec. Doc. 61, CJM's opposition, p. 6; Rec. Doc. 60, Yazoo's opposition, pp. 3-4.

[4] *Archer Daniels Midland Company v. M/T American Liberty*, 2020 WL 1889123 at *3 (E.D. La. 2020) (Vance, J.).

Both of the opposition filings are aware of Judge Vance's ruling in *Archer Daniels*—they even cite it.[5] Yet the oppositions largely ignore the points of law recited in that decision—even going so far as to accuse *the Standridge Family* of "fail[ing] to cite controlling law on the issue of bifurcation."[6] But as *Archer Daniels* shows, the opposite is true. It is the limitation petitioners who refuse to accept controlling law. Indeed, Judge Vance's ruling in *Archer Daniels* is fully consistent with her 1997 order in *Suard Barge* also ordering bifurcation.[7] Judge Vance's 2020 order in *Archer Daniels* even *cites* her 1997 order in *Suard Barge*.[8] The limitation petitioners' attempts to distinguish *Suard Barge* are unpersuasive in light of Judge Vance's order in *Archer Daniels*.

Second, the oppositions contend that the limitation petitioners must be given protective stipulations before the case may be bifurcated.[9] But the argument misses the mark at this phase of the case. The question is whether the Court should order bifurcation and try the core issues in limitation *first*. Depending upon the result of that trial, the Standridge Family *may* have the right to return to state court uninhibited against one or both limitation petitioners. Certainly no petitioner who is *denied* limitation may demand a stipulation. Those petitioners will face uncapped state-court liability. And if any petitioner is found entitled to limitation, this Court will have several equitable means to ensure that the limitation is honored. But issues of that nature are not yet before the Court. For now, it is enough that the Court should order bifurcation and limit the trial to the core limitation issues of negligence and privity/knowledge. No other matters are at issue. Indeed, this point, too, was expressly addressed by Judge Vance in *Archer Daniels*. As she noted:

---

[5] Rec. Doc. 60, Yazoo's opposition, p. 8; Rec. Doc. 61, CJM's opposition, pp. 15-16.

[6] Rec. Doc. 60, Yazoo's opposition, p. 1

[7] *In re Suard Barge Serv.*, 1997 WL 358128 (E.D. La. 1997).

[8] *Archer Daniels Midland Company v. M/T American Liberty*, 2020 WL 1889123 at *3 (E.D. La. 2020) (Vance, J.).

[9] Rec. Doc. 61, pp. 6-12.

3

> The opponents raise a variety of objections to bifurcation, but especially focus on the movants' failure to provide any stipulations. . . . . But the movants do not ask to proceed in state court simultaneously with the limitation proceeding; nor do they threaten the Court's exclusive jurisdiction over limitation issues. And as the shipowners' rights to limitation will be decided first while claimants' state court cases are stayed, claimants will not be able to seek to enforce a damage award in excess of the limitation fund before limitation rights are adjudicated. Thus, the Court can protect the vessel owners' limitation rights by trying limitation first and freeing claimants to seek damages in state court only if limitation is denied.[10]

The situation is no different here. The Standridge Family merely asks the Court to bifurcate this case and try the limitation issues first, thus protecting their Saving to Suitors rights to proceed in state court once the outcome of the limitation trial is decided. Judge Vance's ruling confirms that this is proper. Indeed, the oppositions reluctantly concede that this route is available.[11]

And third, the limitation petitioners essentially argue that bifurcation will be inefficient because the petitioners wish to have issues of third-party fault tried *inside* the limitation.[12] The Court should not do that, because it will complicate what otherwise would be a simple limitation trial on their own privity and knowledge. However, even if the limitation petitioners got their wish, it would present no barrier to the Court ordering a bifurcated trial that reserves the issue of damages for a state court determination. Judge Vance ordered exactly that in *Archer Daniels*, declaring that she would try liability, limitation, and the apportionment of fault in the limitation case, and reserve damages for a second phase of trial (or a state court determination). Here is her ruling:

> Here, the Court will try liability, limitation, and apportionment of fault in the same proceeding. Although plaintiffs seek to have

---

[10] *Archer Daniels Midland Company v. M/T American Liberty*, 2020 WL 1889123 at *4 (E.D. La. 2020) (Vance, J.).

[11] *E.g.*, Rec. Doc. 60, Yazoo opposition, p. 10 ("At the very least . . . the Court should defer ruling on whether the Standridge Claimants may pursue their damage claims in state court until the limitation of liability issues have been decided.").

[12] Rec. Doc. 60, Yazoo's opposition, pp. 4-5; Rec. Doc. 61, CJM's opposition, pp. 15-17.

> apportionment of fault decided in the separate damage phase, the Court finds this inefficient. As the major actors will be before the Court in the limitation trial, and the Court will receive evidence permitting it to rule on apportionment issues at the same time it rules on liability and limitation, combining the apportionment determination is consistent with Rule 42.
>
> …
>
> For the foregoing reasons, the Court GRANTS the motion to bifurcate. The Court will try the issues of liability, limitation, and apportionment of fault in a bench trial. Damages will be tried separately.[13]

Judge Vance's ruling in *Archer Daniels*, once again, shows that bifurcation is proper in this case.

### III.

The Standridge Family's motion to bifurcate is consistent with a large body of precedent that balances the Limitation of Liability Act with the Standridge Family's rights under the Savings to Suitors clause. Bifurcation "help[s] avoid prejudice by preserving the claimants' ability to seek a jury trial on damages if limitation is denied."[14] Consistent with Judge Vance's well-reasoned ruling on the issue, the Court should grant the Standridge Family's motion to bifurcate.

Respectfully submitted,

/s/ *J. Kyle Findley* (#34922)
J. Kyle Findley (#34922)
Adam Lewis (#37492)
**ARNOLD & ITKIN LLP**
6009 Memorial Drive
Houston, TX 77007
Tel: 713.222.3800
Fax: 713.222.3850
**ATTORNEYS FOR CLAIMANTS**

---

[13] *Archer Daniels Midland Company v. M/T American Liberty*, 2020 WL 1889123 at *3-4 (E.D. La. 2020) (Vance, J.).

[14] *Id.* at *3.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed into the CM/ECF system this 5th day of March, 2021 which will provide a copy to all counsel of record.

_/s/ J. Kyle Findley_ (#34922)
J. Kyle Findley
