UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**IN RE CHESTER J. MARINE, AS OWNER AND OPERATOR OF THE M/V CECILE A. FITCH, OFFICIAL NO. 297854**

**CIVIL ACTION**

**NO. 20-214-JWD-SDJ**

**CONSOLIDATED WITH NO. 20-252-JWD-SDJ**

### ORDER GRANTING MOTION TO COMPEL DEPOSITIONS

Before the Court is Chester J. Marine's Motion to Compel (R. Doc. 139) the depositions of the Standridge Claimants. The Standridge Claimants filed an untimely Opposition without seeking leave of Court. (R. Doc. 143) (Opposition); (R. Doc. 141) (Order setting response time). Had they simply sought leave, or if this were not the first time they had done exactly this (R. Doc. 168), the Court would have allowed the Standridge Claimants' untimely filing. Instead, they again ignored this Court's Order setting a briefing schedule. (R. Doc. 141). And so, the Court does not consider their Opposition (R. Doc. 141) and **ORDERS** that it be **STRUCK** from the record. And now, the Court turns to the pending Motion to Compel. (R. Doc. 139).

Over the course of several months, CJM requested deposition dates for the Standridge Claimants from their counsel. (R. Doc. 140 at 1). As they have done in multiple instances in this case, counsel for the Standridge Claimants simply ignored these requests for months. (R. Doc. 140 at 1) (ignored for 7 months). And when counsel for the Standridge Claimants finally did respond, they refused to produce their clients—who are named parties in this litigation and seeking extensive damages in recovery—for depositions during this phase of the litigation, as their testimony was not relevant to the limitations proceedings. (R. Doc. 139-12). The Standridge

Claimants eventually said they would appear for depositions but only if CJM agreed that this would be the one and only time their clients were deposed.

The Standridge Claimants' conditions were based on the bifurcation of this litigation. (R. Doc. 101). The bifurcation, on which the Standridge Claimants insisted (R. Doc. 54), separates this litigation into two phases (R. Doc. 101 at 15). The first phase (Phase One) concerns "liability, limitation and apportionment of fault." (R. Doc. 101 at 15). And if limitation is denied, the second phase (Phase Two) will concern damages. (R. Doc. 101 at 15). However, the Order bifurcating this litigation places no limit on the scope of discovery during either Phase One or Phase Two. (R. Doc. 101).

Indeed, discovery of the Standridge Claimants' damages has been conducted during Phase One of this litigation, without objection from the Standridge Claimants. (R. Doc. 117) (Opposition to prior Motion to Compel financial records does not raise objection based on scope of discovery in Phase One); (R. Doc. 54) (Motion to Bifurcate does not seek limitation on discovery in Phase One or Two). What's more, the Standridge Claimants produced an economic expert's report in Phase One, which outlines their alleged damages in detail and is founded on numerous documents related to their damages. (R. Doc. 127-1). The Court also cited this expert report when it issued an Order compelling the Standridge Claimants to produce bank and credit card statements and other documents evidencing their alleged damages. (R. Doc. 129).

Again, in bifurcating this litigation, the Court did not limit the scope of discovery in Phase One to exclude evidence of damages, nor did it foreclose the possibility of additional discovery occurring in Phase Two. And so, the Court will not foreclose the possibility of the Standridge Claimants being deposed for a second time if this litigation proceeds beyond Phase One. *See Gravity Defyer Corp. v. Under Armour, Inc.*, 2013 WL 12138987, at *3 (C.D. Cal. July 23, 2013)

("Bifurcation invites two rounds of discovery, with depositions of some of the same persons taken more than once . . . ."). And so,

**IT IS ORDERED** that CJM's Motion to Compel (R. Doc. 139) is **GRANTED**. The Standridge Claimants will make themselves available for **depositions** in a **manner** chosen by CJM, and at a **place** and **time** agreeable to CJM, within **30 days** of this Order.

The Court will not look lightly on any further attempts by the Standridge Claimants to delay and obstruct their opponents' legitimate discovery efforts. If the Standridge Claimants in any way **fail to cooperate** in setting these depositions, CJM should immediately file a Motion for Status Conference with the Court. If CJM needs additional time to complete these depositions, it should file a motion seeking that relief.

Additionally, CJM's request for costs and attorney's fees pursuant to Rule 37 is **GRANTED,** and counsel for CJM will file a Motion to Set and Recover Costs and Attorneys' Fees within **14 days** of this Order. The Standridge Claimants must file their **response**, if any, within **7 days** of CJM's Motion to Set and Recover Costs and Attorneys' Fees.

Finally, in light of the pending Motions for Summary Judgement, the Court **GRANTS** the parties prior **leave** to **supplement** their Motions for Summary Judgement (and any related Oppositions or Replies), if necessary, to include information obtained during the depositions of the Standridge Claimants. Any **supplements** to the pending Motions for Summary Judgement (and any related Oppositions or Replies) must be **filed** within **14 days** of the **last deposition** being completed.

Signed in Baton Rouge, Louisiana, on August 11, 2022.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**