# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**IN RE CHESTER J. MARINE, AS OWNER AND OPERATOR OF THE M/V CECILE A. FITCH, OFFICIAL NO. 297854**

**CIVIL ACTION**

**NO. 20-214-JWD-SDJ**

**CONSOLIDATED WITH NO. 20-252-JWD-SDJ**

---

## ORDER ON YAZOO RIVER'S MOTION FOR ATTORNEY'S FEES

---

Before the Court is a Motion for Attorney's Fees (R. Doc. 135) filed by Yazoo River Towing, Inc., against the Standridge Claimants and their counsel. The Court previously issued an Order (R. Doc. 129) granting YRT's Motion to Compel (R. Doc. 116). The Court additionally found YRT was entitled to an award of expenses under Rule 37(a)(5)(A) and ordered it to move for costs. (R. Dc. 129 at 11). On May 24, 2022, YRT filed this Motion for Attorney's Fees (R. Doc. 135), seeking an award of $4,302.50, and providing supporting billing records and affidavits.

The Standridge Claimants had 7 days — until May 31, 2022 — to file their response. (R. Doc. 129 at 11). Despite their Court-Ordered deadline, the Standridge Claimants waited until June 20, 2022, to file an Opposition (R. Doc. 142). They failed to seek leave or even acknowledge the untimeliness of their response. For that reason, the Court struck their Opposition (R. Doc. 168) (striking untimely response), and it now considers the Motion for Attorney's Fees (R. Doc. 135), as unopposed. *See Evans v. Auto Club Fam. Ins. Co.*, 2010 WL 55915, at *1 & n.1 (E.D. La. Jan. 4, 2010) (motion for attorney's fees deemed unopposed where "plaintiff's [opposition] was not timely" filed and "he did not request leave of court for the . . . untimely [filing]").

If a motion to compel is granted, Rule 37(a) allows the court to award "reasonable expenses incurred in making the motion, including attorney's fees" after affording the parties an opportunity to be heard. Fed. R. Civ. P. 37(a)(5)(A). Here, YRT is only seeking recovery of attorney's fees—no other costs. The "lodestar" calculation is the "most useful starting point" for determining an award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). It involves multiplying the number of hours an attorney reasonably spent on the motion by an appropriate hourly rate based on the market for that work in the community. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012); *Forbush v. J.C. Penny Co.*, 98 F.3d 817, 821 (5th Cir. 1996). The lodestar calculation is presumptively "reasonable," *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992), but can be adjusted up or down if "warrant[ed]," *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).[1]

**Reasonable Hourly Rate.** When an attorney's customary or requested billing rate "is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is prima facie reasonable." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995). Here, YRT has submitted billing records for: an attorney with 6 years of experience billing at a reduced rate of $200 per hour; a newer attorney who previously completed a federal clerkship and now bills at a rate of $200 per hour; and a paralegal billing at a rate of $125 per hour. (R. Doc. 135-4).

These rates are not contested and are within range of others awarded by this Court for attorneys with similar experience in the legal community. *See Ball v. Leblanc*, 2015 WL 5749458,

---

[1] While an adjustment of the lodestar is generally guided by the factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), the Supreme Court has noted that many of the *Johnson* factors "usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983).

at *2-3 (M.D. La. Sept. 30, 2015) (considering prevailing market rates in both the Middle and Eastern Districts of Louisiana); *Badillo-Rubio v. RF Constr., LLC*, 2022 WL 5241265, at *3 (M.D. La. Oct. 6, 2022) ("[Attorney's] rate of $250.00 is reasonable. [The] [Attorney] has practiced law for nine years in federal court."); *Taylor v. Union Pac. R.R. Co., Inc*., 2022 WL 3219961, at *2 (M.D. La. Aug. 9, 2022) ("the hourly rate of $225 billed by attorneys" with less experience "is in line with prevailing rates in the Middle District" while $450 an hour was reasonable for an attorney with over 50 years' experience); *Leblanc v. Fed Ex Ground Package Sys., Inc*., 2021 WL 5994966, at *2 (E.D. La. Apr. 12, 2021) ("$250 per hour for attorney, Stephen Jackson (10 years of experience), and $100 for paralegal" were reasonable); *Campbell v. Verma Sys., Inc*., 2022 WL 879497, at *3 (M.D. La. Mar. 23, 2022) ("[T]he hourly rate of $375 for . . . an attorney with 22 years of experience, is reasonable."). The Court therefore finds the requested rates are reasonable.

**Hours Reasonably Expended.** The party requesting fees must show the hours reasonably spent by presenting "adequately documented time records." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993); *see also Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002) ("the affidavit of movant's counsel can serve as proof of the amount to be awarded."). "[T]he court should exclude all time that is excessive, duplicative, or inadequately documented," *Watkins*, 7 F.3d at 457, bearing in mind that Rule 37(a) is limited to the "fees and expenses incurred in securing the order compelling discovery," *Stagner v. W. Kentucky Navigation, Inc*., 2004 WL 253453, at *6 (E.D. La. Feb. 10, 2004) ("[T]he language of Rule 37(a) cannot be construed so as to allow the recovery of costs for conduct which necessitated the motion to compel."); *see also Al Asher & Sons, Inc. v. Foreman Electric Serv. Co., Inc.*, 2021 WL 799315, at *3 (W.D. Tex. Feb. 1, 2021) (excluding "time [that] would have been expended regardless of the Motion to Compel").

Here, YRT requests a total of 21.7 hours in connection with the two related Motions to Compel (R. Docs. 77, 116)[2] and related discovery conferences with the Court (R. Docs. 82, 113). Cecilia Vazquez, an associate, billed 2.2 of those hours for legal research, while paralegal Nicole Gurba billed .5 hours for filing and finalizing the second Motion to Compel. (R. Doc. 135-2); (R. Doc. 135-3). The Court has reviewed the billing records and finds the time spent by Ms. Vazquez and Ms. Gurba is reasonable and necessarily related to the drafting and filing of the second Motion to Compel. The remaining 19 hours were billed by an attorney, Elizabeth McIntosh.

In reviewing Ms. McIntosh's billing records, the Court will exclude a total of 3.1 hours. First, Ms. McIntosh billed .6 hours on February 25, 2022, for her work "preparing for and attending discovery conference." (R. Doc. 135-3). Because the second Motion to Compel (R. Doc. 116) was fully briefed as of January 4, 2022 (R. Doc. 120) (YRT's Reply Memorandum), this expense was not reasonably "incurred in making the motion [to] [compel]." *Tollett*, 285 F.3d at 368. Second, Ms. McIntosh spent 2.5 hours drafting a Motion to Expedite the Court's consideration of YRT's second Motion to Compel. (R. Doc. 135-3 at 3). The Motion to Expedite was not only unnecessary, it was not sufficiently related to the Standridge Claimant's "failure to comply with discovery [requests]." *Al Asher & Sons, Inc. v. Foreman Electric Serv. Co., Inc.*, 2021 WL 799315, at *3 (W.D. Tex. Feb. 1, 2021) (excluding unnecessary time counsel spent drafting and filing a "notice informing the Court that [defendant] failed to file a response to the Motion to Compel").

Once these hours are excluded, Ms. McIntosh billed 15.9 hours in connection with a discovery dispute that last nearly a year and involved two well-drafted Motions to Compel (R. Docs. 77, 116), a Reply Memorandum (R. Doc. 120), two Conferences with the Court (R. Docs. 82, 113), and multiple other discovery conferences with opposing counsel that were ordered by

---

[2] Although, YRT only seeks reimbursement for the hours its attorney spent drafting the second Motion to Compel. It does not request any attorney's fees for the hours spent on the first Motion to Compel.

the Court. Given those circumstances, the Court finds the 15.9 hours billed by Ms. McIntosh are reasonable.[3] After excluding the 3.1 hours billed by Ms. McIntosh, the lodestar amount is $3,682.50.

**Adjusting the Lodestar.**  As indicated above, the Court can adjust the lodestar amount when the circumstances warrant a modification. *See Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir. 1974). But given the hours already excluded, and the presumption that the lodestar assessed by the Court is necessarily reasonable, an adjustment is not warranted.

**Payment.** As a final matter, Rule 37(a) allows the Court to assess fees against the ones responsible for the discovery failures that lead to the Motion to Compel. Here, the Court finds the **attorneys** representing the Standridge Claimants must **pay** the **total $3,682.50** in attorney's fees awarded to YRT. The record of this litigation, especially the filings related to this discovery dispute, make clear that the Standridge Claimants' attorneys have personally caused numerous delays and conflicts during discovery. (R. Doc. 129 at 3 n.3) (noting the Standridge Claimants' attorneys' assured this Court they would cooperate with opposing counsel, yet continuously failed to respond to opposing counsel's efforts to resolve discovery disputes without the Court's intervention; (R. Doc. 113) (Court noted numerous and ongoing discovery issues caused by counsel for the Standridge Claimants); (R. Doc. 129 at 4) (Court found counsel's "ongoing refusal to cooperate in discovery necessitated the instant Motion to Compel"); (R. Doc. 116-1 at 10-12) (outlining conduct of counsel for the Standridge Claimants); (R. Doc. 127 at 2 n.4) (same).

---

[3] The record also indicates that YRT's attorneys exercised billing judgment. *See Al Asher & Sons, Inc.*, 2021 WL 799315, at *3 ("courts may also consider whether the attorneys requesting fees exercised billing judgment"). Specifically, "[w]here the time entries contained block billing, YRT reduced the time by 50% unless it was otherwise clear a different reduction was warranted" (R. Doc. 135-1 at 2).

**Conclusion.** For the reasons given above, the Court **ORDERS** that YRT's Motion for Attorney's Fees (R. Doc. 135) is **GRANTED**. Within **14 days** of this Order, **counsel** for the Standridge Claimants must **pay $3,682.50** in attorney's fees to Yazoo River Towing.

Signed in Baton Rouge, Louisiana, on February 8, 2023.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**