UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE CHESTER J.<br>MARINE, AS OWNER AND<br>OPERATOR OF THE<br>M/V CECILE A. FITCH,<br>OFFICIAL NO. 297854 | CIVIL ACTION<br><br>NO. 20-214-JWD-SDJ<br><br><br>CONSOLIDATED WITH<br>NO. 20-252-JWD-SDJ |

### ORDER ON CHESTER J. MARINE'S
### MOTION FOR ATTORNEY'S FEES

Before the Court is a Motion for Attorney's Fees (R. Doc. 226) filed by Chester J. Marine, LLC, against the Standridge Claimants and their counsel. The Court previously issued an Order (R. Doc. 225) granting CJM's Motion to Compel (R. Doc. 139) the depositions of the Standridge Claimants. In that Order, the Court also granted CJM's request for attorney's fees, as the circumstances, as outlined in the Order, warranted an award under Rule 37(a)(5)(A). (R. Doc. 225 at 3). To be clear, the Court has already found that an award of costs and fees is justified. The only remaining issue is the amount to be awarded.

On August 24, 2022, CJM timely filed this Motion for Attorney's Fees (R. Doc. 226), seeking an award of $2,470.00 for 14.3 hours of legal work, and providing a supporting affidavit and billing summary. The Standridge Claimants filed an Opposition (R. Doc. 229) that, while timely, does not in any way address the amount of attorney's fees ($2,470) requested, or even the hours expended by CJM's counsel (14.3) or their hourly rates ($105 - $235). Instead, the Standridge Claimants spend the vast majority of their Opposition arguing that fees should not be awarded, regurgitating the same arguments already rejected in connection with the Motion to

Compel. (R. Doc. 229). The issue of whether to award fees has already been decided. Nonetheless, to ensure there is no confusion as to whether the Standridge Claimants were heard on this issue, the Court has thoroughly reviewed and reconsidered the arguments presented in their Opposition (R. Doc. 229 at 2-7). *See* Fed. R. Civ. P. 37(a)(5)(A)(ii) (if the motion to compel is granted, fees must be awarded unless opposing party's objection was "substantially justified").

Once again, the Court finds an award of expenses is warranted under Rule 37(a)(5)(A). As the Court has already explained, the Standridge Claimant's refusal for 7 months to even respond to CJM's request for deposition dates, and the reasons they eventually gave for refusing to sit for depositions, were wholly unjustified. (R. Doc. 225 at 1-2) (explaining the irrationality of the Standridge Claimants' reasons for refusing the sit for depositions, while also noting they were "named parties in this litigation and seeking extensive damages in recovery"). The Court's bifurcation Order "did not limit the scope of discovery in Phase One to exclude evidence of damages" (R. Doc. 225 at 2), and substantial discovery of damages has already occurred. Indeed, the Standridge Claimants themselves produced an expert report on their damages. (R. Doc. 225 at 2). There is no substantial justification for their refusal to cooperate in discovery. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii). And so, the only issue that remains is the amount to be awarded.

If a motion to compel is granted, Rule 37(a) allows the court to award "reasonable expenses incurred in making the motion, including attorney's fees" after affording the parties an opportunity to be heard. Fed. R. Civ. P. 37(a)(5)(A). Here, CJM is only seeking recovery of attorney's fees—no other costs. The "lodestar" calculation is the "most useful starting point" for determining an award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). It involves multiplying the number of hours an attorney reasonably spent on the motion by an appropriate hourly rate based on the market for that work in the community. *See Smith & Fuller, P.A. v. Cooper Tire &*

*Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012); *Forbush v. J.C. Penny Co.*, 98 F.3d 817, 821 (5th Cir. 1996). The lodestar calculation is presumptively "reasonable," *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992), but can be adjusted up or down if "warrant[ed]," *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).[1]

**Reasonable Hourly Rate.** When an attorney's customary or requested billing rate "is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is prima facie reasonable." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995). Here, CJM has submitted a billing summary showing the work performed by: Georges LeGrand, an attorney with 42 years of experience billing at a rate of $235 per hour; Michael Neuner, an attorney with 6 years of relevant experience who bills at a rate of $170 per hour; and Chris Barbier, a paralegal billing at a rate of $105 per hour. (R. Doc. 226-2) (LeGrand Affidavit); (R. Doc. 226-3) (Billing Summary).

These rates are not contested or even addressed by CJM and are within range of others awarded by this Court for attorneys with similar experience. *See Ball v. Leblanc*, 2015 WL 5749458, at *2-3 (M.D. La. Sept. 30, 2015) (considering prevailing market rates in both the Middle and Eastern Districts of Louisiana); *Badillo-Rubio v. RF Constr., LLC*, 2022 WL 5241265, at *3 (M.D. La. Oct. 6, 2022) ("[Attorney's] rate of $250.00 is reasonable. [The] [Attorney] has practiced law for nine years in federal court."); *Taylor v. Union Pac. R.R. Co., Inc.*, 2022 WL 3219961, at *2 (M.D. La. Aug. 9, 2022) ("the hourly rate of $225 billed by attorneys" with less experience "is in line with prevailing rates in the Middle District" while $450 an hour was

---

[1] While an adjustment of the lodestar is generally guided by the factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), the Supreme Court has noted that many of the *Johnson* factors "usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983).

reasonable for an attorney with over 50 years' experience); *Leblanc v. Fed Ex Ground Package Sys., Inc.*, 2021 WL 5994966, at *2 (E.D. La. Apr. 12, 2021) ("$250 per hour for attorney, Stephen Jackson (10 years of experience), and $100 for paralegal" were reasonable); *Campbell v. Verma Sys., Inc.*, 2022 WL 879497, at *3 (M.D. La. Mar. 23, 2022) ("[T]he hourly rate of $375 for . . . an attorney with 22 years of experience, is reasonable."). The Court therefore finds the requested rates are reasonable.

**Hours Reasonably Expended.** The party requesting fees must show the hours reasonably spent by presenting "adequately documented time records." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993); *see also Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002) ("the affidavit of movant's counsel can serve as proof of the amount to be awarded."). "[T]he court should exclude all time that is excessive, duplicative, or inadequately documented," *Watkins*, 7 F.3d at 457, bearing in mind that Rule 37(a) is limited to the "fees and expenses incurred in securing the order compelling discovery," *Stagner v. W. Kentucky Navigation, Inc.*, 2004 WL 253453, at *6 (E.D. La. Feb. 10, 2004) ("[T]he language of Rule 37(a) cannot be construed so as to allow the recovery of costs for conduct which necessitated the motion to compel."); *see also Al Asher & Sons, Inc. v. Foreman Electric Serv. Co., Inc.*, 2021 WL 799315, at *3 (W.D. Tex. Feb. 1, 2021) (excluding "time [that] would have been expended regardless of the Motion to Compel").

Here, CJM requests a total of 14.3 hours in connection with the Motion to Compel (R. Doc. 139), its Motion to Expedite (R. Doc. 140) the Court's consideration of the Motion to Compel, and a Motion for Leave to file its Reply Memorandum (R. Docs. 144, 146).

Chris Barbier, a paralegal, spent 1.7 hours gathering "emails and letters that requested the depositions of the Standridge claimants" over a period of 7 months, which were used as exhibits and to otherwise provide factual support for the Motion to Compel. (R. Doc. 226-3). The Court

has reviewed the billing records and the actual "emails and letters" attached the Motion to Compel (R. Docs. 139-4 to 139-12). And while the time spent by Mr. Barbier was necessarily related to the Motion to Compel, it was still excessive, given the simplicity of this task. The Court will therefore reduce Mr. Barbier's hours from 1.7 to .7 for purposes of an award under Rule 37(a)(5)(A).

The remaining 12.6 hours were billed by attorneys — 10.3 hours by Mr. Neuner and 2.3 hours by Mr. LeGrand.

In reviewing Mr. Neuner's billing records, the Court will exclude a total of 2.2 of Mr. Neuner's 10.3 hours. First, Mr. Neuner spent a total of 1.3 hours drafting a Motion to Expedite (R. Doc. 140) the Court's consideration of CJM's Motion to Compel (R. Doc. 139). While the Court granted expedited consideration, it did so "with reluctance," making it plainly clear that any rush was the result of CJM waiting to act "until the close of discovery," despite the Standridge Claimant's ignoring its requests for deposition dates for 7 months. (R. Doc. 141). The Motion to Expedite was not the result of the Standridge Claimant's failure to comply with discovery obligations, but of CJM's lack of diligence. *Al Asher & Sons, Inc. v. Foreman Electric Serv. Co., Inc.*, 2021 WL 799315, at *1 (W.D. Tex. Feb. 1, 2021) ("[A] party seeking attorney fees may only recover for time spent in preparing the actual discovery motion or otherwise caused by the other party's failure to comply with discovery."); *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 516 (5th Cir. 1985) (district court erred when it "assessed attorney's fees under Rule 37 for discovery matters that were not related to Batson's failure to comply" with the discovery at issue).

What's more, based on the tone of the Court's Order, were CJM's attorneys exercising billing judgment — a concept not mentioned in their Motion for Attorney's Fees — they would not have sought reimbursement of any fees associated with the Motion to Expedite. *See Engender,*

*LLC v. Cypress Zone Prods*., LLC, 2021 WL 3423589, at *3 (E.D. La. Aug. 5, 2021) ("There is no discussion, however, of the exercise of billing judgment with respect to the time submitted for Mr. Golden, which contains numerous duplicative entries.").

Second, Mr. Neuner billed for .9 hours for gathering and finalizing the exhibits attached to CJM's Motion to Compel. (R. Doc. 226-3). But most of these exhibits are the same "emails and letters" gathered by Mr. Barbier, for which he already billed 1.7 hours. (R. Doc. 226-3) (Barbier gathered "emails and letters that requested the depositions of the Standridge claimants to be used" as exhibits); (R. Docs. 139-4 to 139-12) (Exhibits B – J of the Motion to Compel are 'emails and letters' regarding requests for Standridge Claimants' depositions). The Court will therefore exclude this time as redundant of the time spent by Mr. Barbier. *See Stagner v. W. Kentucky Navigation, Inc*., 2004 WL 253453, at *6 (E.D. La. Feb. 10, 2004) ("When billing judgment is lacking, the court must exclude from the lodestar calculation the hours that were not reasonably expended."). Once these hours are excluded, Mr. Nuener billed a total of billed 8.1 hours in connection with the Motion to Compel (R. Doc. 226).

Finally, Georges LeGrand billed 2.3 hours in connection with the Motion to Compel — .1 hour was spent on Mr. Legrand's "[r]eceipt and review of Order from Magistrate Johnson regarding otion [sic] fr [sic] Expedited Hearing on Motion to Compel," while the remaining 2.2 hours were spent drafting the Motion for Leave (.2 hours) and Reply Memorandum (2 hours). (R. Doc. 226-3). The Court will exclude the .1 hour spent reviewing its Order on the Moton to Expedite. This time was not reasonably "incurred in making the motion [to] [compel]." *Tollett*, 285 F.3d at 368.

Second, the Court will exclude 1 of the 2 hours Mr. LeGrand billed for drafting the Reply Memorandum. (R. Doc. 226-3). At just over 3 pages, the Reply was uncomplicated (R. Doc. 146).

*See Schmook v. Kansas City S. Ry. Co.*, 2022 WL 4783079, at *2 (M.D. La. Sept. 30, 2022) (reducing number of hours billed where filing was "relatively simple"). What's more, it did not contain a single legal citation (R. Doc. 146), making 2 hours for a Reply Memorandum excessive in the context of an award for attorney's fees. *See Cherry v. Shaw Coastal, Inc.*, 2009 WL 10679408, at *3 (M.D. La. Aug. 14, 2009) (finding 3.8 hours spent on an "uncomplicated" motion to compel that "required little to no legal research" was excessive and reducing it to 2 hours). And so, excluding a total of 1.1 hours, Mr. LeGrand reasonably billed 1.2 hours in connection with the Motion to Compel.

After excluding a total of 4.3 hours (1 of Mr. Barbier's hours, 2.2 of Mr. Neuner's hours, and 1.1 of Mr. LeGrand's hours), the lodestar amount is $1,732.50 (.7 hours at $105 per hour + 8.1 hours at $170 per hour + 1.1 hours at $235 per hour).

**Adjusting the Lodestar.** As indicated above, the Court can adjust the lodestar amount when the circumstances warrant a modification. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The Court considered a reduction for the following reasons. First, CJM did not provide any actual billing records in support of their Motion for Attorney's Fees, relying instead on a chart summarizing the time spent. (R. Doc. 226-3); *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987) (discussing "deficiencies in the billing records," and "noting that some were reconstructed, after-the-fact summaries, some were often scanty . . . and many lacked explanatory detail"). The lack of billing records prevented the Court from determining whether any time was reduced or not submitted for reimbursement. *See Nat'l Assoc. of Concerned Veterans v. Sec'y of Defense*, 675 F.2d 1319, 1327-28 (D.C. Cir. 1982) (billing records should reflect any time spent, but not included in the fee request).

Moreover, the time entries found on that chart are mostly vague and uninformative. *Taylor v. Union Pac. R.R. Co., Inc.*, 2022 WL 3219961, at *2 (M.D. La. Aug. 9, 2022) ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly."); *Leroy v. City of Houston*, 906 F.2d 1068, 1080 (5th Cir. 1990) (reducing amount of attorney's fees sought where time entries were "vague as to precisely what was done, such as huge blocks of time under 'Work on Brief' and 'Continue work on brief'"). For example, there are 4 entries for the time Mr. Neuner spent drafting the Motion to Compel, and each is essentially identical: "preparation of Motion to Compel . . . Memorandum in Support, and Proposed Order." (R. Doc. 226-3). The only difference between them is that the first entry indicates it is for the time Mr. Neuner "beg[a]n preparation of [the] Motion to Compel," the middle two are for his "further preparation of Motion to Compel," while the last one represents Mr. Neuner's "finalization of [the] Motion to Compel." (R. Doc. 226-3). However, while the support for attorney fees provided was generally insufficient, the hourly rates were clearly reasonable, and the total amount of time spent on a motion to compel was not inappropriate, so the Court will not adjust the lodestar amount.

**Payment.** As a final matter, Rule 37(a) allows the Court to assess fees against the ones responsible for the discovery failures that lead to the Motion to Compel. Here, the Court finds the **attorneys** representing the Standridge Claimants must **pay** the **total $1,732.50** in attorney's fees awarded to CJM. The record of this litigation, especially the filings related to discovery, make clear that the Standridge Claimants' attorneys have personally caused numerous delays and conflicts during discovery. (R. Doc. 129 at 3 n.3) (noting the Standridge Claimants' attorneys' assured this Court they would cooperate with opposing counsel, yet continuously failed to respond to opposing counsel's efforts to resolve discovery disputes without the Court's intervention; (R. Doc. 113) (Court noted numerous and ongoing discovery issues caused by counsel for the

Standridge Claimants); (R. Doc. 129 at 4) (Court found counsel's "ongoing refusal to cooperate in discovery necessitated the instant Motion to Compel"); (R. Doc. 116-1 at 10-12) (outlining conduct of counsel for the Standridge Claimants); (R. Doc. 127 at 2 n.4) (same); (R. Doc. 139-1 at 3) (attorneys failed to respond with deposition dates for 7 months).

**Conclusion.** For the reasons given above, the Court **ORDERS** that CJM's Motion for Attorney's Fees (R. Doc. 226) is **GRANTED**. Within **14 days** of this Order, **counsel** for the Standridge Claimants must **pay $1,732.50** in attorney's fees to Chester J. Marine.

Signed in Baton Rouge, Louisiana, on February 13, 2023.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**